

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GROVER SELLERS

ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-5730
Re: Whether, under the stated
facts, Alamo Loan Service
Co. is subject to the tax
levied on money lenders by
Art. 7047, Subdiv. 25, V.
A.C.S.

Your request for opinion dated March 31, 1944,
has been received and considered by this department. We
quote from your letter as follows:

"There are a number of loan companies in
Texas, that transact their business in the fol-
lowing manner:

"An agreement is entered into, between the
loan company and the person who wishes to bor-
row money, which provides that the loan company
is to act as the borrower's agent and attorney-
in-fact, for the purpose of negotiating a loan
for the borrower. The agreement also authorizes
the loan company to accept payments, from the
borrower, on the loan and remit said payments
to the lender. The borrower agrees to pay the
loan company a service charge for procuring the
loan from some individual, firm or lending agency.

"Attached is a copy of the form of agree-
ment, between the loan company and the borrower,
and also copies of the type of receipt used by
the loan company, when accepting payments on the
loan, from the borrower, to be forwarded to the
lender.

ION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSIST

Honorable Geo. H. Sheppard, Page 2

"You will also find attached a letter
addressed to Mr. Leroy Gentry, Allen Build-
ing, Dallas, Texas, (Owner of the Alamo Loan
Service Co.) by his Attorney, Mr. Carl C. Mays,
of Dallas. Mr. Mays states, in his letter
that, in his opinion, the Alamo Loan Service
Company is not subject to the State "Money
Lenders" Occupation Tax, for the reason that
the Alamo Loan Service Company represents,
and is agent for the borrower, in all of
their transactions, and does not represent
the lender.

"I will appreciate your opinion as to
whether or not a person, firm, association
of persons, or a corporation, who uses the
method of doing business, as stated above,
is subject to the tax as levied by Article
7047, Subdivision 15, R.C.S., of 1925."

The receipt you refer to reads as follows:

"Dallas, Texas, _____194____
Received of_____to be for-
warded to Tri-State Finance Co., Inc._____
Dollars $_____to be applied as follows:
$_____on interest $_____ on
principal. Balance of principal $_____.

ALAMO LOAN SERVICE COMPANY"

Article 7047, V.A.C.S., provides:

"There shall be levied on and collected
from every person, firm, company or associa-
tion of persons, pursuing any of the occupa-
tions named in the following numbered sub-
divisions of this article, an annual occupa-
tion tax . . . . as follows:

"  . . . .

"15. Money Lenders--From every person,
firm, association of persons, or corporation

Honorable Geo. H. Sheppard, Page 3

     whose business is lending money as agent or
agents for any corporation, firm or associa-
tion, either in this state or out of it, an
annual tax of One Hundred Fifty Dollars
($150.00) . . . ."

    It is clear from the wording of the statute, and
under the holding of Means v. State, 75 S.W. (2d) 953, that
a person lending his own money is not subject to the tax
under this section, as it is provided herein that only a
person, firm, association of persons, or corporation "whose
business is lending money as agent, etc.," is so subject.

    Alamo Loan Service Co. does not purport to lend
its own money. The form of agreement which is attached to
your letter is called an "Agreement of Employment", and
clearly makes the Company the agent of the borrower for the
negotiation of a loan.

    However, the Company is not by this agreement pre-
vented from acting as agent for the lender also. The Com-
pany acts as agent of the lender in finding a borrower for
the money; in collecting payments on the loan; and in for-
warding the payments so collected to the lender. It is, in
our opinion, a money lender within the meaning of said Sub-
division 15, and therefore is subject to the tax.

    Trusting that we have answered your inquiry, we are

                    Yours very truly

             ATTORNEY GENERAL OF TEXAS

             By      Arthur L. Moller
                    Arthur L. Moller
                    Assistant

ALM:ff



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN